| ESTADO LIBRE ASOCIADO DE PUERTO RICO TRIBUNAL DE APELACIONES PANEL VI | | |
|---|---|---|
| SUCESIÓN DE NICASIO MANZANO ROMERO, ET ALS<br><br>Demandantes-Apelados<br><br>v.<br><br>HERIBERTA BURGOS RIVERA, ET ALS<br><br>Demandados-Apelantes | KLAN202400067 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso civil núm.: NSCI200400462<br><br>Sobre: REIVINDICACIÓN DE PROPIEDAD; NULIDAD DE SENTENCIA |

Panel integrado por su presidenta, la jueza Ortiz Flores, el juez Rivera Torres, la jueza Rivera Pérez y el juez Campos Pérez.

Ortiz Flores, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de mayo de 2024.

Comparece la parte apelante, la señora Heriberta Burgos Rivera (Sra. Burgos Rivera; apelante) mediante el recurso de epígrafe y nos solicita que revoquemos la *Sentencia Enmendada Duplicada* emitida por el Tribunal de Primera Instancia, Sala de Fajardo (TPI) el 13 de diciembre de 2023 y notificada el 15 de diciembre de 2023. Mediante este dictamen el TPI declaró a la Sra. Burgos Rivera y la sucesión del señor Domingo Nieves Ortiz dueños del terreno de la casa de Montesanto. Además, declaró la titularidad de la casa de Montesanto al señor Isabelo Rivera Romero (Isabelo Rivera), la señora Eutemia Camareno Rosario (Sra. Camareno Rosario) y la segunda sociedad legal de gananciales compuesta por ambos. Por los fundamentos que expondremos a continuación, adelantamos que desestimamos el recurso por falta de jurisdicción.

**I**

El caso que nos ocupa tuvo su inicio hace alrededor de veinte años, el día 26 de mayo de 2004, mediante la presentación de una *Demanda* sobre reivindicación de propiedad y nulidad de sentencia por los herederos del señor Isabelo Rivera Romero contra la sociedad legal de gananciales compuesta por la Sra. Burgos Rivera y el señor Domingo Nieves Ortiz (Sr.

Número Identificador

SEN2024_____

Nieves Ortiz).[1] Dicha *Demanda* versó sobre un inmueble denominado Finca 2,248 localizado en Vieques (casa de Montesanto) del cual los demandantes Nicasio Manzano Romero, Francisco Manzano Romero y María Antonia Chinea Romero alegaron ser titulares por motivo de ser herederos del causante Isabelo Rivera (Sucesión de Nicasio Manzano Romero, et als; apelados). Los herederos solicitaron como remedio ser declarados dueños del inmueble y que el tribunal ordenara a la parte demandada a entregar la posesión de este.[2] A raíz de su extenso tracto procesal, la mencionada *Demanda* sufrió varias enmiendas a lo largo de los años. Pertinentes a la controversia ante nosotros, cabe destacar la realizada el 3 de marzo de 2016, fecha en la cual los demandantes presentaron una *Tercera Demanda Enmendada* donde alegaron que la demandada Heriberta Burgos Rivera y los herederos del causante Domingo Nieves Ortiz, quien falleció el 26 de junio de 2006,[3] iniciaron fraudulentamente una acción civil donde alegaron ser los dueños del inmueble en cuestión. En este escrito, también se trajo como codemandada a la Sra. Eutemia Camareno por esta tener interés propietario sobre la casa de Montesanto y, por consiguiente, considerarla parte indispensable. Como remedio solicitaron que el tribunal decretara a los demandantes y a la codemandada Eutemia Camareno propietarios por partes iguales del inmueble y condenara a los otros demandados a pagar las costas, gastos, honorarios e intereses del pleito.[4] Por otro lado, la Sra. Camareno Rosario presentó el 14 de abril de 2016 una *Contestación a Tercera Demanda Enmendada* donde expuso defensas afirmativas acompañadas de una reconvención y, a su vez, incluyó una demanda contra co-parte.[5]

Referente a la mencionada *Tercera Demanda Enmendada* se suscitó una controversia en torno a si expiró el término para notificar de esta a las personas que componen la sucesión del demandado Domingo

---

[1] Apéndice del recurso, págs. 1-2.
[2] *Id.*
[3] Apéndice del recurso, pág. 106.
[4] Apéndice del recurso, pág. 46.
[5] Apéndice del recurso. págs. 274-249.

Nieves Ortiz, puesto que estos tenían anotada una rebeldía por incomparecencia luego de haber sido debidamente emplazados por edicto. Dicha controversia llegó a este foro intermedio por recurso de apelación el cual recibió el alfanumérico KLAN201900026 y fue resuelto mediante la *Sentencia* emitida el 26 de febrero de 2019 y notificada al día siguiente.[6] En la decisión, este tribunal apelativo resolvió que el término para emplazar a la sucesión de Domingo Nieves Ortiz no había comenzado a transcurrir puesto que el TPI no había ordenado a expedir los emplazamientos. Además, destacó que los demandantes estaban bajo la impresión de que dicho trámite no era necesario ya que el TPI había determinado y anunciado a las partes que no sería necesaria la notificación de la *Tercera Demanda Enmendada* mediante emplazamiento.[7] Por tal motivo, se revocó la determinación del TPI que desestimó la *Tercera Demanda Enmendada* y **se ordenó la expedición de los emplazamientos a los demandados en rebeldía para que, una vez expedidos, comenzara a transcurrir el término para su diligenciamiento a través de los mecanismos correspondientes**.[8]

Posterior a lo mencionado, la *Tercera Demanda Enmendada* fue objeto de tres enmiendas adicionales. En el interín, se identificó a Keysa Janyce Nieves Pérez y Jossianette Nieves Pérez como partes indispensables del pleito y, por consiguiente, fue necesario emplazarlas. Para ello, los apelados **presentaron una *Moción Solicitando Autorización Para Emplazar Por Edicto* el 18 de julio de 2019, acompañada de una declaración jurada donde constaron las gestiones realizadas para emplazar personalmente a las partes indispensables mencionadas**.[9] En respuesta a este escrito, la apelante sometió una *Nueva Solicitud de Desestimación, por Falta de Jurisdicción sobre Menores de Edad Demandadas, Ante Emplazamientos Inoficiosos* el 22 de julio de 2019. En esta alegó insuficiencia bajo lo dispuesto en la Regla

---

[6] Apéndice del recurso, págs. 81-93.
[7] Apéndice del recurso, pág. 87.
[8] Apéndice del recurso, pág. 88.
[9] Apéndice del alegato, págs. 148-159.

4.4(b) de Procedimiento Civil, la cual rige la manera de emplazar a personas menores de catorce (14) años de edad. El 11 de septiembre de 2019 el TPI declaró No Ha Lugar la desestimación solicitada mediante *Resolución* notificada el 16 de septiembre de 2019.[10]

Finalmente, la demanda por la cual el TPI dictó sentencia fue la presentada el 27 de mayo de 2022, titulada *Sexta Demanda Enmendada*.[11] En esta, los demandantes fueron Francisco Manzano Rivero, la Sucesión de Nicasio Manzano Romero compuesta por María Eugenia Manzano Rivera y la Sucesión de María Antonia Chinea Romero compuesta por Mildred Nieves Chinea. Los demandados fueron Heriberta Burgos Rivera, Eutemia Camareno y la Sucesión de Domingo Nieves Ortiz compuesta por Juan Rafael Nieves González, Yolanda Ivette Nieves Cádiz, Ángel Luis Nieves Burgos y la Sucesión de John Alexis Nieves Burgos compuesta por Keysa Janyce Nieves Pérez y Jossianette Nieves Pérez. En esta ocasión los demandantes nuevamente solicitaron como remedio al tribunal que se les declarara, a ellos y a la codemandada Eutemia Camareno, como propietarios por partes iguales del inmueble localizado en Vieques y condenara a los otros demandados al pago de gastos, costas, intereses y honorarios de abogado del pleito.[12] Sin embargo, la Sra. Burgos Rivera sometió nuevamente una solicitud de desestimación por alegados incumplimientos con los emplazamientos bajo lo estatuido en la Regla 4.6(a) de Procedimiento Civil el 30 de agosto de 2022,[13] a la cual la parte demandante respondió con una *Réplica a Moción para Desestimar* el 12 de septiembre de 2022.[14] En esta réplica, igualmente incluyeron evidencia de todos los trámites realizados para emplazar personalmente a las codemandadas Keysa Janyce Nieves Pérez y Jossianette Nieves Pérez y conseguir su dirección más actualizada. Dicha evidencia constó de declaraciones juradas y búsquedas por internet. El 22 de septiembre de

---

[10] Apéndice del alegato, págs. 95-96.
[11] Apéndice del recurso, págs. 152-155.
[12] Apéndice del recurso, pág. 155.
[13] Apéndice del alegato, págs. 1-117.
[14] Apéndice del alegato, págs. 118-145.

2022, notificada el 26 de septiembre siguiente, el TPI emitió una *Resolución* donde declaró No Ha Lugar la *Solicitud de Desestimación de Demanda por Incumplimiento con la Regla 4.6(a) de Procedimiento Civil* y determinó que las partes en cuestión habían sido debidamente emplazadas por edicto por lo que el tribunal había adquirido jurisdicción sobre estas.[15]

Los días 19, 20 y 21 de septiembre de 2023 se celebró la vista evidenciaria del caso donde comparecieron las partes correspondientes según previamente acordado en el informe con antelación a juicio nombrado *Informe Preliminar entre Abogados Enmendado*.[16] Luego de esto, el TPI emitió una *Sentencia* el 28 de septiembre de 2023 donde declaró que el terreno de la casa Montesanto le pertenece a la Sra. Burgos Rivera y la Sucesión de Domingo Nieves Ortiz mientras que la titularidad del inmueble por el cual se instó la demanda le pertenecía a Isabelo Rivera, a Eutemia Camareno y a la segunda sociedad legal de gananciales compuesta por ambos.[17] Esta conclusión fue llevada a cabo según la prueba documental y testifical desfilada,[18] la cual llevó al tribunal a concluir que el inmueble edificado sobre el terreno fue costeado por Isabelo Rivera Romero mediante pagos en efectivo a los obreros de la construcción.[19] Adicional a estas declaraciones de titularidad, el TPI otorgó como remedio lo siguiente:

> [T]iene doña Heriberta Burgos y los herederos de Domingo Nieves Ortiz unos 45 días para abonar a doña Eutemia Camareno y la sucesión de Isabelo Rivera el importe de $414,854.00 que es el costo actual de reproducir la casa de Montesanto, si es que desean consolidar el título de su terreno con el de la construcción. Expirado dicho término sin que se hubiese recibido dicho pago tendrá doña Eutemia Camareno y la sucesión de Isabelo Rivera unos 30 días para abonar a Heriberta Burgos y los herederos de Domingo Nieves el importe de $162,450.00 que es el costo actual del terreno donde ubica la casa para consolidar el título del terreno y la construcción.
>
> De no darse ninguno de los dos supuestos anteriores, la casa será puesta a la venta por un valor de $500,000.00 o más, y

---

[15] Apéndice del alegato, págs. 160-161.
[16] Apéndice del recurso, págs. 459-460.
[17] Apéndice del recurso, pág. 190.
[18] Apéndice del recurso, pág. 189.
[19] Apéndice del recurso, págs. 185-186.

el valor distribuido en las porciones que le correspondan a cada dueño o heredero.[20]

Una vez emitido el dictamen, las partes se movieron a someter ciertas solicitudes de reconsideración y adopción de determinaciones de hechos adicionales, lo cual provocó que la *Sentencia* tuviera varias enmiendas. Finalmente, la sentencia de la cual se acude, titulada *Sentencia Enmendada Duplicada*, fue emitida el 13 de diciembre de 2023 y notificada el 15 de diciembre de 2023. Esta mantuvo las mismas determinaciones de hecho y el derecho aplicable de la *Sentencia* inicial emitida el 28 de septiembre de 2023, pero tuvo cambios en el remedio concedido al añadirse la adjudicación de una reclamación de rentas, como sigue:

> A la reclamación de renta dejada de percibir por el uso de la casa de Montesanto instada por doña Eutemia Camareno, ya que los demandados privaron a los demandantes de acceso a la casa desde la muerte de don Isabelo en el 2004, el Tribunal dispone lo siguiente:

> Los demandados adeudan a la parte demandante la suma adicional de $56,300.00 en rentas dejadas de percibir de diciembre de 2015 a septiembre de 2023. Al valor estimado del alquiler que figura en la tasación de $1,200.00, el Tribunal hizo un ajuste mensual de $200, ya que el terreno ocupado por la casa de Montesanto es de la sucesión demandada, quedando la compensación adicional adeudada por la parte demandada a la parte demandante de la siguiente manera:

| RENTA CASA MONTESANTO | |
|---|---|
| Diciembre de 2015 | 500.00 |
| Años 2016-2022 a $1,100 mensuales | 84,000.00 |
| Enero-septiembre 2023 | 9,000.00 |
| **TOTAL** | **$93,500.00** |

> El Tribunal hace constar que, de la deuda por rentas dejadas de percibir de 2015 al presente, corresponde la mitad a Eutemia Camareno al ser codueña de la propiedad por virtud de la sociedad de bienes gananciales que formó con don Isabelo mientras se construía la propiedad y que queda pendiente de liquidar.[21]

Inconforme, la Sra. Burgos Rivera acudió ante nosotros el 19 de enero de 2024 mediante el presente recurso de apelación y expuso los siguientes señalamientos de errores:

> PRIMER ERROR: INCIDIÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR UNA SENTENCIA ENMENDADA DUPLICADA CON DETERMINACIONES DE HECHOS QUE

---

[20] *Id.*
[21] Apéndice del recurso, págs. 399-400.

NO EST[Á]N APOYADOS EN LA EVIDENCIA DESFILADA EN EL JUICIO INCURRIENDO EN ERROR MANIFIESTO, PREJUICIO Y PARCIALIDAD EN LA APRECIACIÓN DE LA EVIDENCIA PRESENTADA.

SEGUNDO ERROR: INCIDIÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NEGARSE A ACEPTAR ENMIENDAS Y/O NUEVAS DETERMINACIONES DE HECHOS Y DE DERECHO PRODUCTO DE ESTIPULACIONES DE LAS PARTES EN EL PLEITO.

TERCER ERROR: INCIDIÓ EL TRIBUNAL DE PRIMERA INSTANCIA EN LA SENTENCIA ENMENDADA DUPLICADA DICTADA EL 13 DE DICIEMBRE DE 2023 AL NO APLICAR A SU DICTAMEN EL LÍMITE IMPUESTO EN LA REGLA 42.4 DE LAS REGLAS DE PROCEDIMIENTO CIVIL, OTORGANDO UN REMEDIO DISTINTO AL SOLICITADO CONTRA LOS SEIS (6) DEMANDADOS EN REBELDÍA.

CUARTO ERROR: INCIDIÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL PERMITIR QUE LOS DEMANDANTES, EN ABIERTA CONTRADICCIÓN A LO DISPUESTO EN LA REGLA 4.6 (A), NOTIFICARAN LA SENTENCIA ENMENDADA DUPLICADA DICTADA A UNA DIRECCIÓN INVÁLIDA.

Luego de estipulada la transcripción de prueba oral por las partes, emitimos una *Resolución* el 7 de marzo de 2024 en la cual concedimos hasta el 2 de abril de 2024 a la parte apelada para que presentara su alegato. El 2 de abril, la parte apelada compareció a este tribunal al presentar su alegato. Con el beneficio de los escritos de las partes, nos encontramos en posición de resolver.

**II**

La Regla 13(B) (1) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.13 (B)(1) dispone, en cuanto a la **notificación a las partes de la presentación de un recurso de apelación,** lo siguiente:

La parte apelante notificará el recurso apelativo y los Apéndices dentro del término dispuesto para la presentación del recurso, siendo éste un término de estricto cumplimiento.

La parte apelante deberá certificar con su firma en el recurso, por sí o por conducto de su representación legal, la fecha en que se efectuó la notificación. Esta norma es aplicable a todos los recursos. (Énfasis nuestro). 4 LPRA Ap. XXII-B, R. 13 (B) (1).

Conforme a lo dispuesto en la citada regla, se ha pautado que, "[p]ara el perfeccionamiento adecuado de un recurso presentado ante el foro apelativo intermedio es necesario la oportuna presentación y la

notificación del escrito a las partes apeladas." *González Pagán et al. v. SLG Moret-Brunet*, 202 DPR 1062, 1070-1071 (2019). En consecuencia, "[l]a falta de oportuna notificación a todas las partes en el litigio conlleva la desestimación del recurso de apelación", por lo que nos priva de jurisdicción para ejercer nuestra facultad revisora. *González Pagán et al. v. SLG Moret-Brunet*, *supra*, págs. 1071-1072.

En lo pertinente al recurso ante nuestra consideración, "*la Regla 13(B) del Reglamento del Tribunal de Apelaciones, supra, exige que se notifique 'a todo aquél que en algún momento lo fue ante el tribunal u organismo administrativo de instancia, como, por ejemplo, el rebelde o la coparte que ha transigido antes de la sentencia'.*" (Itálicas en original.) *González Pagán et al. v. SLG Moret-Brunet*, *supra*, pág. 1072, que cita a R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 521 esc. 7.

Se ha reiterado que "[l]a marcha ordenada y efectiva de los procedimientos judiciales es un imperativo de nuestro ordenamiento jurídico", por lo que "las normas que rigen el perfeccionamiento de todos los recursos apelativos deben observarse rigurosamente." *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90-91(2013), que cita a *Rojas v. Axtmayer Ent., Inc.*, 150 DPR, 560, 564 (2000).

Es norma conocida que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *Souffront v. A.A.A.*, 164 DPR 663, 674 (2005). Cuestionada esta, nos corresponde, como deber ministerial, realizar un análisis riguroso sobre nuestra jurisdicción pues de esta depende nuestra autoridad para adjudicar la controversia que se nos presenta. *Id.* No podemos atribuirnos jurisdicción si no la tenemos, así como tampoco las partes en un litigio nos la pueden otorgar. *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007). La ausencia de jurisdicción es, simplemente, insubsanable. *Id.* Por lo tanto, cuando un tribunal determina que no tiene la autoridad para atender un recurso, solo puede así declararlo

y desestimar el caso. *Caratini v. Collazo Syst. Análisis, Inc.*, 158 DPR 345, 355 (2003).

En lo pertinente, el inciso (C) de la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-A, R. 83 (C), dispone que **"[e]l Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación** o denegar un auto discrecional **por cualesquiera de los motivos consignados** en el inciso (B) precedente". (Énfasis nuestro). A tales efectos, el inciso (B) de la antes citada regla establece los siguientes motivos:

> **(1) que el Tribunal de Apelaciones carece de jurisdicción;**
> (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello.
> (3) que no se ha presentado o proseguido con diligencia o de buena fe;
> (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;
> (5) que el recurso se ha convertido en académico. (Énfasis nuestro). 4 LPRA Ap. XXII-A, R. 83 (B).

**III**

La Sra. Burgos Rivera es una de las partes demandadas del caso y es quien acudió ante nosotros mediante el recurso de apelación de epígrafe. Como parte co-demandada del caso también figuró ser la Sra. Eutemia Camareno y su entonces esposo el Sr. Nieves Ortiz quien, a lo largo del desarrollo del caso, fue sustituido por sus herederos en el pleito por causa de su fallecimiento. Los miembros de la sucesión del Sr. Nieves Ortiz fueron debidamente emplazados, sin embargo, estos no sometieron alegación responsiva alguna por lo que se les anotó la rebeldía como resultado de su incomparecencia.

La apelante cumplió con el término jurisdiccional de treinta (30) días, a partir de la notificación de la *Sentencia Enmendada Duplicada*. No obstante, no surge del recurso que la apelante haya satisfecho el requisito de cumplimiento estricto de notificar a **todas** las partes, "dentro del término dispuesto para la presentación del recurso", bajo lo dispuesto en la Regla 13 de nuestro Reglamento. Consta en el expediente del caso que se

notificó del recurso apelativo al TPI, a la representación legal de los demandantes y de la co-demandada Sra. Camareno Rosario; los licenciados Wilfredo Luciano Quiñones y Luis R. Rodríguez Cintrón respectivamente. Empero, nada hay expuesto que demuestre que se haya notificado a las partes en rebeldía que componen la sucesión del Sr. Nieves Ortiz.

Por lo tanto, resolvemos que la Sra. Burgos Rivera no satisfizo las exigencias reglamentarias ni jurisprudenciales, que requieren la notificación oportuna a **todas** las partes del recurso apelativo incoado. Debe recordarse la norma asentada de nuestro ordenamiento sobre los litigios que afectan los intereses de una sucesión, la cual establece que es necesario incluir individualmente como partes a todos sus miembros, ya que las sucesiones no tienen una personalidad jurídica distinta a la de sus componentes. *Vilanova et al. v. Vilanova et al.*, 184 DPR 824, 839-840 (2012). En fin, la Sra. Burgos Rivera omitió perfeccionar el recurso, lo que nos priva de jurisdicción por lo que procede la desestimación de este.

**IV**

Por lo antes, expuesto, se desestima el recurso de título por este tribunal carecer de jurisdicción para atenderlo.

**Notifíquese.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones